Bryan C. Assink
Texas State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: bryan.assink@bondsellis.com

**PROPOSED COUNSEL FOR**
**DEBTOR AND DEBTOR-IN-POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GRAND FUSION HOUSEWARES, LLC, | § | Case No. 24-41694 |
| | § | |
| Debtor. | § | |

**DEBTOR'S EXPEDITED MOTION FOR ORDER EXTENDING**
**TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES,**
**STATEMENT OF FINANCIAL AFFAIRS, AND OTHER DOCUMENTS**

**TO THE HONORABLE MARK X. MULLIN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Grand Fusion Housewares, LLC ("Debtor"), the above-captioned debtor and debtor-in-possession, by and through its undersigned proposed counsel, hereby submits this *Expedited Motion for Order Extending Time to File Schedules of Assets and Liabilities, Statement of Financial Affairs, and Other Documents* (the "Motion"), seeking entry of an order pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rule 1007-1 granting the Debtor additional time in which to file its schedules of assets and liabilities, schedule of executory contracts and unexpired leases, statement of financial affairs, list of equity security holders, and other documents or statements (collectively, the "Schedules and Statements") that would otherwise be due within fourteen (14) days of the commencement of the

bankruptcy case. In support thereof, the Debtor respectfully shows the following:

## I.    JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. Consideration of this action is a core proceeding pursuant to 28 U.S.C § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are section 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Bankruptcy Rule 1007-1.

## II.    BACKGROUND

3. On May 16, 2024 (the "Petition Date"), the Debtor commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 11, Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtor continues to manage and operate its business as a debtor-in-possession pursuant to section 1184 of the Bankruptcy Code. A Subchapter V Trustee has been or will be appointed and no other trustee, examiner, or official committees have been appointed in this case.

## III.    BASIS FOR RELIEF

4. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, a debtor is required, within fourteen (14) days from the date of the filing of its bankruptcy petition, to file the Schedules and Statements with the Court, including the following: (i) the schedules of assets and liabilities; (ii) a statement of financial affairs; (iii) a statement of executory contracts and unexpired leases; and (iv) a list of equity security holders.

5. Here, good cause exists for the Court to grant the Debtor an extension of time in which to file its Schedules and Statements.

6. The analysis and compilation of the information for the Schedules and Statements

will require additional time because: (i) there are other urgent demands upon the Debtor as a result of the filing of this case that will consume the time of the Debtor's limited personnel; (ii) many of the Debtor's liabilities may constitute contingent, unliquidated claims relating to obligations that are difficult to quantify; and (iii) the Debtor and its professionals need time to evaluate the information comprising the Schedules and Statements.

7. The Debtor believes that an extension of fourteen (14) additional days will provide it with sufficient time in which to prepare and file the Schedules and Statements. The Debtor thus requests that the Court establish **June 13, 2024,** as the date on or before which it must file its Schedules and Statements, albeit without prejudice to the Debtor's right to seek further extensions from this Court or to seek a waiver of the requirement of filing certain Schedules and Statements as further adjudicated by the Court.

8. As required by Local Bankruptcy Rule 1007-1, on May 16, 2024, counsel for the Debtor attempted to confer with the U.S. Trustee regarding the relief requested in this Motion. As of the filing of this Motion, undersigned has not received the U.S. Trustee's position on this request.

## **PRAYER**

The Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**: (i) extending the time for the filing of the Schedules and Statements an additional fourteen (14) days, through and including June 13, 2024; and (ii) granting the Debtor such other and further relief as may be just and proper.

Dated: May 16, 2024                    Respectfully submitted,

                                               */s/ Bryan C. Assink*
Bryan C. Assink
Texas State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: bryan.assink@bondsellis.com

**PROPOSED COUNSEL FOR
DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF CONFERENCE

I, the undersigned, hereby certify that, on May 16, 2024, I attempted to confer with the Office of the U.S. Trustee regarding the relief requested herein. As of the filing of this Motion, undersigned counsel has not received the U.S. Trustee's position on the relief requested in this Motion.

                                               */s/ Bryan C. Assink*
Bryan C. Assink

## CERTIFICATE OF SERVICE

I certify that on May 16, 2024, a true and correct copy of the foregoing document was served via the Court's CM/ECF system on all parties requesting such service in this case, and by United States Mail, first class postage prepaid, upon all creditors and parties in interest on the Debtor's master service list attached hereto, including (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtor's secured creditors; (iii) the Debtor's twenty largest unsecured creditors; (iv) those persons who have formally appeared in this case and requested service pursuant to Bankruptcy Rule 2002; (v) the Internal Revenue Service; (vi) the Subchapter V Trustee, if appointed; and (vii) all other applicable government agencies to the extent required by the Bankruptcy Rules or the Local Rules.

                                               */s/ Bryan C. Assink*
Bryan C. Assink