

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 16, 2024**

*Mark X. Mullin*
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GRAND FUSION HOUSEWARES, LLC, | § | Case No. 24-41694-mxm11V |
| | § | |
| Debtor. | § | |

### ORDER GRANTING DEBTOR'S SUPPLEMENTAL EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF CRITICAL VENDORS PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)

Came on for consideration the *Debtor's Supplemental Emergency Motion for Order Authorizing Payment of Critical Vendors Pursuant to 11 U.S.C. §§ 105(a) and 363(b)* [Docket No. 82] (the "Motion"),[1] filed by the above captioned-debtor and debtor-in-possession (the "Debtor"). The Court has reviewed the Motion and has found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion was sufficient under the circumstances; (d) the Debtor has shown good, sufficient, and sound business purpose and justification for the relief requested in the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

Motion; and (e) good and sufficient cause exists to grant the relief provided below which it finds to be in the best interests of the Debtor and necessary to avoid imminent and irreparable harm to the Debtor's estate. Accordingly, **IT IS THEREFORE**

**ORDERED** that the Motion is granted as set forth herein. **IT IS FURTHER**

**ORDERED** that the Debtor is hereby authorized, but not directed, to pay Atomic Hosting the entire prepetition balance due and owing to it, believed to be $2,735.60 as of the Petition Date. **IT IS FURTHER**

**ORDERED** that if any party accepts payment pursuant to the relief requested by the Motion and provided by this Order and thereafter does not continue to provide goods or services to the Debtor on customary trade terms, as applicable: (i) such payment may be deemed by the Debtor to be an improper postpetition transfer on account of a prepetition claim and, therefore, will be immediately recoverable by the Debtor in cash upon written request; (ii) upon recovery by the Debtor, any prepetition claim of such party shall be reinstated as if the payment by the Debtor had not been made in the first instance; and (iii) if there exists an outstanding postpetition balance due from the Debtor to such party, then the Debtor may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance, and such supplier or vendor will be required to repay to the Debtor such paid amounts to the extent that they exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provisions for payment of any claims, or otherwise. **IT IS FURTHER**

**ORDERED** nothing herein shall impair or prejudice the Debtor's ability to contest the extent, perfection, priority, validity, or amounts of any claims held by any Critical Vendor and nothing herein shall constitute an admission (a) as to the validity or amount as to any Critical Vendor's claim(s), or (b) that any such Critical Vendor holds allowed claim(s). Debtor reserves

any all rights to contest any asserted claim(s) of any Critical Vendor on any and all available bases.

**IT IS FURTHER**

**ORDERED** this Order shall be effective immediately irrespective of any stay imposed by Bankruptcy Rule 6004(h) or otherwise. **IT IS FURTHER**

**ORDERED** that this Court shall retain jurisdiction over any and all matters arising from or related to the enforcement, implementation, and/or interpretation of this Order.

### ### END OF ORDER ###

Order submitted by:

Bryan C. Assink
Texas State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, Texas 76102
(817) 405-6900 telephone
(817) 405-6902 facsimile
Email: bryan.assink@bondsellis.com

**COUNSEL FOR DEBTOR
AND DEBTOR-IN-POSSESSION**