

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

**Signed December 18, 2024**



United States Bankruptcy Judge

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 11 |
| | § | |
| GRAND FUSION HOUSEWARES, LLC, | § | |
| | § | Case No. 24-41694 |
| Debtor. | § | |

### ORDER CONFIRMING MODIFIED FIRST AMENDED CHAPTER 11 PLAN
### OF REORGANIZATION OF GRAND FUSION HOUSEWARES, LLC
### [Relates to Docket No. 116]

The Court has considered the *Modified First Amended Chapter 11 Plan of Reorganization of Grand Fusion Housewares, LLC* [Docket No. 116] (as amended, revised or modified, the "Plan")[1] filed by Grand Fusion Housewares, LLC (the "Debtor"). Based on the testimony and other evidence presented and admitted during the confirmation hearing, the arguments of counsel, and the findings of fact and conclusions of law contained herein, the Court has determined that the Plan should be confirmed under section 1191(b) of the Bankruptcy Code.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

    A.    <u>Findings and Conclusions</u>. The finding and conclusions set forth herein and in the record of the Confirmation Hearing constitute the Court's findings of fact and conclusions of law

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

pursuant to Rule 52 of the Federal Rules of Civil Procedure as made applicable herein by Bankruptcy Rules 7052 and 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.     <u>Jurisdiction; Venue; Core Proceeding</u>.    The Court has jurisdiction over the Debtor's bankruptcy case pursuant to 28 U.S.C. §§ 157 and 1334. The Debtor satisfies the definition of debtor as defined under section 1182(1)(A) of the Bankruptcy Code. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) over which the Court has jurisdiction and constitutional authority to enter final orders with respect thereto. The Debtor is the sole proponent of the Plan in accordance with section 1189(a) of the Bankruptcy Code.

C.     <u>Background of the Bankruptcy Case</u>.  The Debtor commenced the above-captioned chapter 11 case (the "<u>Bankruptcy Case</u>") on May 16, 2024 (the "<u>Petition Date</u>"). Since the Petition Date, the Debtor has continued to operate and to manage its business as a "debtor-in-possession" pursuant to section 1184 of the Bankruptcy Code. Through a final order of this Court, the Debtor retained Bonds Ellis Eppich Schafer Jones LLP as its primary bankruptcy counsel.

D.     <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Clerk of the Court, including, without limitation, all pleadings, stipulations, and other documents filed with, all orders entered by, and all evidence and argument made, proffered, or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

E.     <u>Plan Modification</u>. The Court finds and concludes that the modifications to the Plan set forth therein and set forth in this Confirmation Order or otherwise, if any (collectively,

the "Plan Modifications"), do not have any material and adverse impact on any creditor or party in interest and are appropriate under the circumstances.

F.  Burden of Proof. The Debtor has the burden of proof to demonstrate satisfaction of section 1191(b) of the Bankruptcy Code by a preponderance of the evidence. The Court finds that the Debtor has met its burden of proof with respect to all applicable provisions of Bankruptcy Code sections 1191(b), 1129(a), and 1123(a).

G.  Transmittal and Mailing of Solicitation Materials and Notices. The solicitation materials and notices prescribed in the *Order Granting Debtor's Motion for Entry of an Order (A) Scheduling a Hearing on Confirmation of the Debtor's Chapter 11 Plan of Reorganization; (B) Approving the Debtor's Solicitation Package; (C) Setting Related Deadlines; and (D) Granting Related Relief* [Docket No. 99] (the "Solicitation Order") were served in compliance therewith and all applicable provisions of the Bankruptcy Code and Bankruptcy Rules, and such service was adequate and sufficient. The Debtor has given adequate and sufficient notice of the Confirmation Hearing and the other deadlines and matters required to be noticed pursuant to the Solicitation Order and any further order entered by this Court in compliance with the Bankruptcy Rules and all applicable orders of this Court.

H.  Adequacy of Solicitation Procedures.  All procedures used to distribute the solicitation materials to the appropriate creditors entitled to vote on the Plan and to tabulate the Ballots returned by Claimants were fair and were conducted in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order. Votes for acceptance or rejection of the Plan were solicited and cast in good faith and otherwise in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rule 3018, and N.D. Tex. L.B.R. 3018-1.

I.      Good Faith Solicitation – 11 U.S.C. § 1125(e). Based on the record before the Court in the Bankruptcy Case, the Debtor and its professionals have acted in good faith within the meaning of sections 1125(e) and 1129(a)(3), and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Order in connection with all of their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code.

J.      Ballot Tabulation. The Voting Deadline for casting Ballots to accept or reject the Plan has passed, and the voting agent for the balloting permitted for all Classes entitled to vote in connection with the Plan, has filed the *Certification of Ballots With Respect to Voting on the Modified First Amended Chapter 11 Plan of Reorganization of Grand Fusion Housewares, LLC* [Docket No. 118] (the "Ballot Tabulation").

K.      Subchapter V Plan Content. The Plan complies with Bankruptcy Code section 1190(1) because it provides the following mandatory content: (i) a brief history of Debtor's business operations; (ii) a liquidation analysis; and (iii) projections with respect to the Debtor's ability to make payments under the Plan.

L.      Impaired Classes Voting to Accept or Reject the Plan. The Court finds that Classes 3 and 7 are Impaired under the Plan. The Court further finds that Class 7 voted to accept the Plan. The Court further finds that Class 3 did not participate in voting.

M.      Classes Deemed to Have Accepted or Rejected the Plan. Classes 1, 2, 4, 5, 6, and 8 are Unimpaired and therefore are deemed to accept the Plan.

N.      Releases, Exculpations and Injunctions. The Court hereby finds that each of the release, exculpation and injunction provisions, including without limitation those set forth in

Article VIII of the Plan, is: (i) within the jurisdiction of the Bankruptcy Court under 28 U.S.C. §§ 1334(a), (b) & (d); (ii) an essential means of implementing the Plan pursuant to section 1123(a)(5); (iii) an integral element to the confirmation of the Plan; (iv) in the best interests of and confers material benefits upon, the Debtor, its Estate, and its creditors; (v) important to the overall objectives of the Plan to finally resolve certain claims among or against the key parties in interest in this Bankruptcy Case; and (vi) consistent with sections 105, 1123 and 1129 of the Bankruptcy Code, Bankruptcy Rule 9019, and other applicable provisions of the Bankruptcy Code and applicable law. The record of the Confirmation Hearing and the Bankruptcy Case is sufficient to support the release, exculpation, and injunction provisions contained in the Plan. The Court finds that the compromises, releases, exculpations and injunctions in the Plan, including without limitation those set forth in Article VIII are not prohibited by applicable statutory or case law.

O. <u>Satisfaction of Confirmation Requirements</u>. The Debtor has satisfied, and the Plan complies with, all applicable provisions of Bankruptcy Code section 1129(a), which are expressly made applicable by Bankruptcy Code section 1191(b). The Plan complies with all provisions of 1191(b). The Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

P. <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>. The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

Q. <u>Plan Compliance with 11 U.S.C. § 1123(a)</u>. The Plan complies with section 1123(a) of the Bankruptcy Code:

(i) *Proper Classification – 11 U.S.C. §§ 1122, 1123(a)(1)*. Aside from Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates five (8) Classes of Claims and Interests. The Claims and Interests placed in each

Class are substantially similar to other Claims and Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate among holders of Claims and Interests. Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)  *Specify Unimpaired Classes – 11 U.S.C. § 1123(a)(2)*. The Plan satisfies section 1123(a)(2) of the Bankruptcy Code because Article III of the Plan specifies which Classes of Claims and Interests are Unimpaired under the Plan.

(iii)  *Specify Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)*. The Plan satisfies section 1123(a)(3) of the Bankruptcy Code because Article III of the Plan specifies which Classes of Claims and Interests are Impaired under the Plan.

(iv)  *No Discrimination – 11 U.S.C. § 1123(a)(4)*. The Plan provides for the same treatment for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)  *Adequate Means for Implementation of Plan – 11 U.S.C. § 1123(a)(5)*. The Plan will be implemented as provided in Article IV of the Plan. Accordingly, the Plan satisfies the requirements of section 1123(a)(5) of the Bankruptcy Code.

(vi)  *Non-Voting Equity Securities – 11 U.S.C. § 1123(a)(6)*. The Plan satisfies section 1123(a)(6) of the Bankruptcy Code because Article IV of the Plan provides for the inclusion in the charter of the Debtor, of a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends.

(vii)  *Selection of Officers and Directors – 11 U.S.C. § 1123(a)(7), § 1129(a)(5)*. The Plan complies with sections 1123(a)(7) and 1129(a)(5) of the Bankruptcy Code because it contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director, or trustee.

R.  <u>Compliance with Fed. R. Bankr. P. 3018</u>. The solicitation of votes to accept or reject the Plan satisfies Bankruptcy Rule 3018. The Plan was properly served and transmitted to all creditors entitled to vote or provisionally allowed to vote on the Plan. Sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with sections 1125 and 1126, thereby satisfying the

requirements of Bankruptcy Rule 3018. Further, the Debtor has filed the Ballot Tabulation at least one day prior to the Confirmation Hearing, thereby satisfying N.D. Tex. L.B.R. 3018-1.

S.    <u>Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(2)</u>.   The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2).

T.    <u>Plan Proposed in Good Faith – 11 U.S.C. § 1129(a)(3)</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3). In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation and solicitation of the Plan, including without limitation the following. The Bankruptcy Case was commenced as a voluntary chapter 11 case. The Debtor has continued to operate its business and manage its Estate throughout the Bankruptcy Case. The Debtor has fairly and adequately disclosed to the Court and parties in interest the nature and business judgment supporting the transactions between them and any Insiders. Under the totality of circumstances of this case, the Court concludes that the Plan was formulated and proposed in good faith.

U.    <u>Payments for Services or Costs and Expenses – 11 U.S.C. § 1129(a)(4)</u>. All payments to be made by the Reorganized Debtor under the Plan for services or for costs and expenses incurred prior to the Effective Date of the Plan in or in connection with the Bankruptcy Case or in connection with the Plan and incident to the Bankruptcy Case have either been approved by this Court's orders or remain subject to final approval of the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

V.    <u>No Rate Changes – 11 U.S.C. § 1129(a)(6)</u>. There is no regulatory commission having jurisdiction after confirmation of the Plan over the rates of the Debtor and there are no rate

changes provided for in the Plan requiring approval of any such commission. Therefore, section 1129(a)(6) of the Bankruptcy Code is not applicable.

W.    <u>Best Interests of Creditors – 11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis contained in the Plan and the exhibits and evidence proffered or adduced at the Confirmation Hearing: (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each holder of an Impaired Claim or Interest has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

X.    <u>Treatment of Administrative, Priority, and Tax Claims – U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims, Priority Tax Claims, and Priority Non-Tax Claims under the Plan satisfies the requirements of sections 1129(a)(9) the Bankruptcy Code.

Y.    <u>Acceptance by Impaired Class – 11 U.S.C. § 1129(a)(10)</u>. The Plan satisfies section 1129(a)(10) of the Bankruptcy Code because at least one Impaired Class of Claims has voted to accept the Plan, determined without including any acceptance of the Plan by any Insider.

Z.    <u>Feasibility – 11 U.S.C. § 1129(a)(11)</u>. Evidence proffered or adduced by the Debtor at the Confirmation Hearing with respect to feasibility are persuasive and credible, and establish that confirmation of the Plan is not likely to be followed by liquidation or the need for further financial reorganization of the Reorganized Debtor. Among other evidence, the Plan projections attached to the Plan, and the means for implementation of the Plan included within the Plan, are reasonable, feasible, and based on sound historical data and reasonable assumptions and demonstrate that the Plan is feasible. Accordingly, the Court finds that the Debtor has

satisfied the requirements of section 1129(a)(11) of the Bankruptcy Code.

AA.     Payment of Fees – 11 U.S.C. § 1129(a)(12).  Pursuant to § 4(b)(3) of the Small Business Reorganization Act of 2019, the Debtor is not required to make quarterly payments to the U.S. Trustee in accordance with 28 U.S.C. § 1930(a)(6)(A). Thus, to the extent Bankruptcy Code section 1129(a)(12) applies, the Plan may be confirmed.

BB.     Continuation of Retiree Benefits – 11 U.S.C. § 1129(a)(13). The Debtor does not have any retiree benefits within the meaning of section 1114 of the Bankruptcy Code. Thus, the requirements of section 1129(a)(13) of the Bankruptcy Code are not applicable.

CC.     Domestic Support Obligations – 11 U.S.C. § 1129(a)(14). Section 1129(a)(14) of the Bankruptcy Code is not applicable because the Debtor is not required by judicial or administrative order, or by statute, to pay a domestic support obligation.

DD.     Debtor is not an Individual – 11 U.S.C. § 1129(a)(15). The Debtor is not an individual and section 1129(a)(15) of the Bankruptcy Code does not apply in Subchapter V cases.

EE.     Fair and Equitable; No Unfair Discrimination. The Plan does not discriminate unfairly and is fair and equitable with respect to all Claims and Interests that are Impaired within the meaning of section 1191 of the Bankruptcy Code.

(i)      Bankruptcy Code section 1191(c)(1) is satisfied because the Plan satisfies the requirements under Bankruptcy Code section 1129(b)(2)(A) as to Allowed Secured Claims;

(ii)     As of the Effective Date of the Plan, the Plan provides that all of Debtor's projected Disposable Income, as defined by Bankruptcy Code section 1191(d), during the 3-year commitment period will be applied to make payments under the Plan;

(iii)    There is a reasonable likelihood that Debtor will be able to make all of the payments under the Plan; and

(iv)    The Plan Provides appropriate remedies to protect Holders of Claims and Interests in the event that Plan payments are not made.

FF.    <u>Only One Plan – 11 U.S.C. § 1129(c)</u>. Section 1129(c) is not applicable in Subchapter V bankruptcy case.

GG.    <u>Principal Purpose – 11 U.S.C. § 1129(d)</u>. The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of Section 5 of the Securities Act of 1933, and no governmental unit has objected to the confirmation of the Plan on any such grounds. The Plan therefore satisfies the requirements of section 1129(d) of the Bankruptcy Code.

HH.    <u>Executory Contracts</u>. The Debtor has exercised reasonable business judgment in determining whether to assume, assume and assign, or reject each of its Executory Contracts and Unexpired Leases as set forth in Article V of the Plan. Each pre- or post-Confirmation assumption, assumption and assignment, or rejection of an Executory Contract or Unexpired Lease shall be legal, valid and binding upon the Reorganized Debtor and all non-debtor counterparties to such executory contract or unexpired lease, all to the same extent as if such assumption, assumption and assignment, or rejection had been effectuated pursuant to an appropriate authorizing order of the Court entered before the Confirmation Date under section 365 of the Bankruptcy Code. Any assumption and assignment of an executory contract or unexpired lease under the Plan shall be binding upon the Reorganized Debtor and non- debtor counterparties thereto only upon the occurrence of the Effective Date. Further, nothing herein or in the Plan shall affect or otherwise limit the rights of the Reorganized Debtor to enforce and prosecute the claims and causes of action reserved under the Plan and this Confirmation Order, including, without limitation the Retained

Causes of Action.

II.     <u>Retention of Jurisdiction</u>.   The Court properly may retain jurisdiction over the matters set forth in Article XI of the Plan.

JJ.     <u>Preservation and Retention of Causes of Action</u>.     The Plan contains specific and unequivocal preservation and retention of the Estate's Claims and Causes of Action as required under applicable Fifth Circuit authority including, without limitation, *In re MPF Holdings US LLC*, 701 F.3d 449 (5th Cir. 2012), *In re Texas Wyoming Drilling, Inc.*, 647 F.3d 547 (5th Cir. 2011) and *In re United Operating, L.L.C.*, 540 F.3d 351 (5th Cir. 2008).

KK.     <u>Satisfaction of Confirmation Requirements under Section 1191(b)</u>.   The Debtor has established by the preponderance of the evidence that the Plan satisfies all requirements for confirmation set forth in section 1191(b) of the Bankruptcy Code. Confirmation of the Plan is in the best interests of Debtor's Estate, Debtor's creditors, and all other parties in interest.

Now, THEREFORE, in view of the foregoing FINDINGS, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.      <u>Findings of Fact and Conclusions of Law</u>. The foregoing findings of fact and conclusions of law are incorporated by reference into this Confirmation Order as though fully set forth herein.

2.      <u>Objections</u>.  All objections to confirmation not withdrawn or otherwise resolved are hereby expressly overruled.

3.      <u>Confirmation of Plan</u>. The Plan is **CONFIRMED** pursuant to section 1191(b) of the Bankruptcy Code, and all terms and conditions set forth in the Plan are **APPROVED**.

4.      <u>Plan Implementation Authorization</u>. The Debtor and/or the Reorganized Debtor are authorized and directed to take any and all actions necessary or appropriate to implement,

effectuate, and consummate the Plan, the terms of this Confirmation Order, and the transactions respectively contemplated therein, or otherwise perform its respective duties under the Plan and this Confirmation Order.

5. <u>Binding Effect</u>. The rights afforded in the Plan and the treatment of all Claims and Interests herein shall be in exchange for and in complete satisfaction, discharge, and release of all Claims and Interests of any nature whatsoever against the Debtor or its Estate, properties, or interests in property. Except as otherwise provided in this Confirmation Order and the Plan, on the Effective Date, all Claims against and Interests in the Debtor or its Estate, properties or interests in property shall be satisfied, discharged, and released in full. Except as otherwise provided in the Plan and this Confirmation Order, all Persons shall be precluded and forever barred from asserting any Claim or Interest against the Debtor, its Estate, any successors or assigns, or any interests in the based upon any act, omission, transaction, or other activity of any kind or nature that occurred or came into existence prior to the Effective Date, whether or not the facts of or legal bases therefore were known or existed prior to the Effective Date.

6. <u>Disclaimer for Governmental Units</u>. Notwithstanding anything in the Plan, this Confirmation Order, or any other plan document, nothing shall discharge, release, preclude, or enjoin (a) any liability of the Debtor to any governmental unit that is not a Claim; (b) any Claim of a governmental unit arising on or after the Effective Date; (c) any police or regulatory liability of any entity to a governmental unit, including, without limitation, any police or regulatory liability that such entity would be subject to as the post-Effective Date owner or operator of property; or (d) any Claim of or liability to a governmental unit on the part of any Person or Entity other than the Debtor. Nor shall anything in the Plan, the Confirmation Order, or any other plan document enjoin or otherwise bar a governmental unit from asserting or enforcing, outside this Bankruptcy

Court, any liability described in the preceding sentence. Nothing in the Plan, the Confirmation Order, or any other plan document authorizes the transfer of any licenses, permits, registrations, or other governmental authorizations or approvals without compliance with all applicable legal requirements under non-bankruptcy law governing such transfers.

7. <u>Automatic Stay</u>. The automatic stay pursuant to section 362 of the Bankruptcy Code, except as previously modified by the Bankruptcy Court, shall remain in effect until the Effective Date of the Plan as to the Debtor and all property of the Estate. Upon the Effective Date, the automatic stay shall be replaced by the injunction set forth in the Plan and corresponding provisions of this Confirmation Order.

8. <u>Claim Objections and Resolutions</u>. The Reorganized Debtor has the sole power and authority to object to any Claim on behalf of the Debtor or its Estate. Without limiting the generality of the foregoing, the Reorganized Debtor shall have the power to: (a) object to any Claim which may be asserted against the Debtor on any legal or equitable basis; (b) to seek equitable subordination of any Claim on any legal or equitable basis; (c) to assert any right of Setoff or recoupment, including without limitation, any such right pursuant to section 553 of the Bankruptcy Code; (d) to assert any and all Estate defenses to any Claim, whether legal or equitable, including any affirmative defenses or any Setoff right; (e) to assert any counterclaim against any Claim, whether arising out of the same or different transactions, including any counterclaim based on a Setoff right; (f) to object to any Claims on the basis of section 502(d) of the Bankruptcy Code; and (g) decline to object to any Claims and make distributions based on the face amount of the Claims asserted or scheduled. In pursuing Claim Objections, the Reorganized Debtor and the responding Claimant shall follow the procedures for resolving disputes over Claims are set forth in Article VII of the Plan.

9. Retention of Subsequent Causes of Action. Except as is otherwise expressly provided in the Plan or this Confirmation Order, nothing in the Plan or this Confirmation Order shall preclude or estop the Reorganized Debtor from bringing a subsequent action in any court or adjudicative body of competent jurisdiction to enforce any or all of its rights in connection with the Retained Causes of Action.

10. Distributions Under Plan. Unless otherwise required under the Plan or this Confirmation Order, Distributions made by the Reorganized Debtor shall comply with Articles IV and VI of the Plan. Any unclaimed property may be held by the Reorganized Debtor and distributed in accordance with the Orders of this Court.

11. Assumption of Executory Contracts and Leases. The Assumption or Rejection of Executory Contracts and Unexpired Leases as provided by Article V of the Plan shall be effective upon the occurrence of the Effective Date. Each pre- or post-Confirmation assumption, assumption and assignment, or rejection of an Executory Contract or Unexpired Lease shall be legal, valid and binding upon the Reorganized Debtor and all non-debtor counterparties to such Executory Contract or Unexpired Lease, all to the same extent as if such assumption, assumption and assignment, or rejection had been effectuated pursuant to an appropriate authorizing order of the Court entered before the Confirmation Date under section 365 of the Bankruptcy Code. Any assumption and assignment of an Executory Contract or Unexpired Lease under the Plan shall be binding upon the Reorganized Debtor and non- debtor counterparties thereto only upon the occurrence of the Effective Date. Further, nothing herein or in the Plan shall affect or otherwise limit the rights of the Reorganized Debtor to enforce and prosecute the claims and causes of action reserved under the Plan and this Confirmation Order, including, without limitation the Retained Causes of Action.

12. Exemption from Certain Taxes. Pursuant to section 1146(a) of the Bankruptcy

Code, neither (a) the transfer of assets to the Reorganized Debtor, (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest, (c) the making or assignment of any contract, lease or sublease, nor (d) the making or delivery of any deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, including, without limitation, any merger agreements, any agreements of consolidation, restructuring, disposition, liquidation, or dissolution, any deeds, any bills of sale, or any transfers of tangible or intangible property, shall be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real estate transfer tax, sales or use tax, mortgage recording tax, or other similar tax or governmental assessment. State and local governmental officials or agents are hereby directed to forego the collection of any such tax or governmental assessment and to accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment. For the avoidance of doubt, the exemption hereunder specifically applies, without limitation, to all documents necessary to evidence and implement the transfers and/or distributions set forth under the Plan, and all documents necessary to evidence and implement any of the transactions and actions described in the Plan.

13. _Governmental Approvals Not Required_. Subject to Paragraph 6 hereof, this Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan and any documents, instruments or agreements, and any amendments or modifications thereto.

14. _Releases, Exculpations and Injunctions_. Each of the release, exculpation and injunction provisions, including without limitation those set forth in Article VIII of the Plan, are

hereby approved in full.

15.    **PERMANENT INJUNCTION. Except as otherwise expressly provided in the Plan, or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been discharged or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor, the Reorganized Debtor, and the Exculpated Parties:  (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Upon entry of the Confirmation Order, all holders of Claims and Interests and their respective current and former employees,**

agents, officers, directors, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. For the avoidance of doubt, an Entity asserting an event of default under the Plan in compliance with the applicable provisions of the Plan shall not be considered interference with the implementation or Consummation of the Plan.

16. <u>**Release of Liens**</u>. Except as otherwise provided in the, the Plan, or any contract, instrument, release, or other agreement or document created pursuant to the Plan, on the Effective Date and concurrently with the applicable distributions made pursuant to the Plan and, in the case of a Secured Claim, satisfaction in full of the portion of the Secured Claim that is Allowed as of the Effective Date, except for the Midwest Secured Claim, the Celtic Secured Claim, and the SBA Secured Claim that are being reinstated in accordance with section 1124 of the Bankruptcy Code under the Plan, all mortgages, deeds of trust, Liens (including any UCC lien notices sent by any Entity to another third-party Entity asserting a lien or interest in Cash, funds, or receivables owned by or otherwise due to the Debtor as of the Petition Date), pledges, or other security interests against any property of the Estate shall be fully released and discharged, and all of the right, title, and interest of any holder of such mortgages, deeds of trust, Liens, pledges, or other security interests shall revert to the Reorganized Debtor and its successors and assigns. Any holder of such Secured Claim (and the applicable agents for such holder) shall be authorized and directed to release any collateral or other property of the Debtor (including any cash collateral and possessory collateral) held by such holder (and the applicable agents for such holder), and to take such actions as may be reasonably requested by the Reorganized Debtor to evidence the release of such Lien, including the execution, delivery, and filing or recording of such releases. The

**presentation or filing of the Confirmation Order to or with any federal, state, provincial, or local agency or department shall constitute good and sufficient evidence of, but shall not be required to effect, the termination of such Liens.**

17. <u>Midwest Regional Bank Provision</u>. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, 1) Midwest shall retain all liens and replacement liens on its collateral post-confirmation, 2) the Plan Injunction and any releases of Released Parties shall not apply to any guaranty agreements/guarantors of the Midwest Secured Claim, and 3) all loan documents evidencing, securing and relating to the Midwest Secured Claim shall remain in full force and effect following Confirmation and the Effective Date.

18. <u>Professional Fee Claims</u>. All final requests for compensation or reimbursement of Professional Fee Claims pursuant to sections 327, 328, 330, 331, 363, 503(b) or 1103 of the Bankruptcy Code shall be filed no later than thirty (30) days after the Effective Date.

19. <u>Other Administrative Claims</u>.  No later than thirty (30) calendar days after the Effective, any party seeking allowance of an Administrative Claim (except Professional Fee Claims), shall file with the Bankruptcy Court a request for the allowance and payment of such Administrative Claim or be forever barred from doing so.

20. <u>Filing and Recording</u>. This Confirmation Order is and shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any document or instruments. Each and every federal, state and local government agency is hereby directed to accept

any and all documents and instruments necessary, useful or appropriate (including Uniform Commercial Code financing statements) to effectuate, implement and consummate the transactions contemplated by the Plan and this Confirmation Order without payment of any recoding tax, stamp tax, transfer tax or similar tax imposed by state or local law.

21. <u>Compromise of Controversies</u>. The provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan and is in the paramount interest of creditors considering: the probability of the Debtor's success in the various litigation that would be required to resolve the Claims and controversies, the difficulties in collection if such litigation were successful, the complexity of the litigation, expense and delay associated therewith, and the distributions and other benefits provided under the Plan. Consideration for all such compromises, settlements, injunctions and releases is adequate and the entry of this Confirmation Order constitutes approval of such compromises, settlements, injunctions and releases under Bankruptcy Rule 9019, subject to the provisions of the Plan.

22. <u>Conflicts Between this Confirmation Order and the Plan</u>. The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of such inconsistency the provisions of this Confirmation Order shall govern. The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent unless expressly stated by further order of this Court.

23. <u>Documents and Instruments</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated

by the Plan and this Confirmation Order.

24. <u>No Waiver of Plan Provisions Not Expressly Referenced or Restated</u>. The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

25. <u>Retention of Jurisdiction</u>. This Court shall retain jurisdiction as described more fully in Article XI of the Plan.

26. <u>Post-Confirmation Business Operations</u>. Debtor is authorized to operate its business and may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules, and in all respects as if there were no pending Bankruptcy Case under any chapter or provisions of the Bankruptcy Code. Except as set forth in the Plan concerning objections to Claims, the Debtor may also settle or compromise any Claims without Court approval.

27. <u>Non-Consensual – Discharge Under Section 1192</u>. IN ACCORDANCE WITH SECTION 1192 OF THE BANKRUPTCY CODE, AS SOON AS PRACTICABLE AFTER COMPLETION BY THE DEBTOR OF ALL PAYMENTS DUE WITHIN THE FIRST THREE (3) YEARS OF THE PLAN, THE DEBTOR SHALL RECEIVE A DISCHARGE OF ALL DEBTS AS SET FORTH IN SECTION 1192, INCLUDING ALL DEBTS PROVIDED IN BANKRUPTCY CODE SECTION 1141(d)(1)(A) AND ALL OTHER DEBTS ALLOWED UNDER SECTION 503 OF THE BANKRUPTCY CODE AND PROVIDED FOR IN THE PLAN, EXCEPT ANY DEBT AS DESCRIBED IN SUBSECTIONS 1192(1) AND 1192(2). *SEE* 11 U.S.C. § 1192. EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED IN THE PLAN OR IN ANY CONTRACT, INSTRUMENT, OR OTHER AGREEMENT OR DOCUMENT

CREATED PURSUANT TO THE PLAN, THE DISTRIBUTIONS, RIGHTS, AND TREATMENT THAT ARE PROVIDED IN THE PLAN SHALL BE IN COMPLETE SATISFACTION, DISCHARGE, AND RELEASE, OF CLAIMS, INTERESTS, AND CAUSES OF ACTION OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS OR INTERESTS FROM AND AFTER THE PETITION DATE, WHETHER KNOWN OR UNKNOWN, AGAINST, LIABILITIES OF, LIENS ON, OBLIGATIONS OF, RIGHTS AGAINST, AND INTERESTS IN, THE DEBTOR OR ANY OF ITS ASSETS OR PROPERTIES, REGARDLESS OF WHETHER ANY PROPERTY SHALL HAVE BEEN DISTRIBUTED OR RETAINED PURSUANT TO THE PLAN ON ACCOUNT OF SUCH CLAIMS AND INTERESTS, INCLUDING DEMANDS, LIABILITIES, AND CAUSES OF ACTION THAT AROSE BEFORE THE EFFECTIVE DATE, ANY LIABILITY (INCLUDING WITHDRAWAL LIABILITY) TO THE EXTENT SUCH CLAIMS OR INTERESTS RELATE TO SERVICES PERFORMED BY EMPLOYEES OF THE DEBTOR PRIOR TO THE EFFECTIVE DATE AND THAT ARISE FROM A TERMINATION OF EMPLOYMENT, ANY CONTINGENT OR NON CONTINGENT LIABILITY ON ACCOUNT OF REPRESENTATIONS OR WARRANTIES ISSUED ON OR BEFORE THE EFFECTIVE DATE, AND ALL DEBTS OF THE KIND SPECIFIED IN BANKRUPTCY CODE SECTIONS 503, 502(G), 502(H), OR 502(I), IN EACH CASE WHETHER OR NOT: (1) A PROOF OF CLAIM BASED UPON SUCH DEBT OR RIGHT IS FILED OR DEEMED FILED PURSUANT TO SECTION BANKRUPTCY CODE 501; (2) A CLAIM OR INTEREST BASED UPON SUCH DEBT, RIGHT, OR INTEREST IS ALLOWED PURSUANT TO BANKRUPTCY CODE SECTION 502; OR (3) THE HOLDER OF SUCH A CLAIM OR INTEREST HAS ACCEPTED THE PLAN. THE CONFIRMATION ORDER SHALL BE A JUDICIAL DETERMINATION

OF THE DISCHARGE OF ALL CLAIMS AND INTERESTS AGAINST THE DEBTOR SUBJECT TO THE OCCURRENCE OF THE EFFECTIVE DATE AND THE FINAL DISTRIBUTION DATE CONTEMPLATED UNDER THE PLAN.

28. <u>Order is Effective Immediately</u>. The provisions of Bankruptcy Rules 3020(e), 6004(h), 6006(d), and 7062, to the extent they might apply to stay any action authorized or directed by this Order, and any other rule that would otherwise stay the implementation or effectiveness of this Order and/or any related judgment are hereby deemed inapplicable or waived so that implementation the Plan and payment to creditors may commence immediately upon entry of this Order.

### END OF ORDER ###

Respectfully submitted by:

Bryan C. Assink
Texas State Bar No. 24089009
BONDS ELLIS EPPICH SCHAFER JONES LLP
420 Throckmorton Street, Suite 1000
Fort Worth, TX 76102
(817) 405-6900 Telephone
(817) 405-6902 Facsimile
Email: bryan.assink@bondsellis.com

**COUNSEL FOR DEBTOR
AND DEBTOR IN POSSESSION**